UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MAJESTIC DRUG CO., INC.,                : Civ. No.: 1:07-CV-05474 LAP
                                        :
                    Plaintiff,          : **MEMORANDUM OF LAW IN**
                                        : **SUPPORT OF MAJESTIC**
     v.                                 : **DRUG CO.'S MOTION FOR**
                                        : **PRELIMINARY INJUNCTION**
DENTEK ORAL CARE, INC.,                 :
                                        :
                    Defendant.          :
                                        :
                                        :
------------------------------------x

Plaintiff Majestic Drug Co., Inc. ("Majestic") moves for an order preliminarily enjoining Defendant DenTek Oral Care, Inc. ("DenTek") from publishing or otherwise disseminating any promotional materials or engaging in any activities containing the false claims appearing on DenTek packages that its competing products are "3x STRONGER" than Majestic's similar products.

## PRELIMINARY STATEMENT

By this action, Majestic seeks redress for DenTek's false advertising and acts constituting unfair competition.

Majestic and DenTek are competitors in the business of selling and distributing over-the-counter temporary dental cement and lost filling replacements. Their products are sold in supermarkets and drug stores throughout the country. Recently, DenTek has modified the packages of its products to proclaim that its products are "three times stronger" than Majestic's comparable products. Majestic has hired an independent laboratory to test DenTek's claims. Results from the tests show that DenTek's claims are literally and demonstrably false. In reality, Majestic's products are at least three times stronger than DenTek's comparable products. It appears that DenTek has resorted to an illegal tactic to compete against Majestic.

This is causing irreparable harm to Majestic in terms of the loss of sales and market share, and damage to Majestic's reputation and goodwill.

Majestic is likely to succeed on the merits of its claims. Majestic has and will continue to suffer irreparable harm for which no other adequate remedy exists unless this Court enjoins DenTek. In addition, the balance of hardships weigh strongly in favoring of issuing this injunctive relief. Accordingly, the Court should grant Majestic's request for a preliminary injunction.

## STATEMENT OF FACTS

### Majestic's Business

Majestic is a wholesaler and distributor of pharmaceutical products and necessities. Among its many products, Majestic has sold and distributed, and is still selling and distributing over-the-counter dental products that will eventually end up in supermarkets and drug stores to be purchased by the consumers. These products are Dentemp® O.S., a temporary dental cement and Refilit®, a lost filling replacement.

### DenTek's Business And Its False Advertising

DenTek competes with Majestic by distributing and selling comparable over-the-counter dental products. Both companies' dental products end up in supermarkets and drug stores throughout the United States to be sold to the consumers. In nearly all the drugstores or supermarkets where both companies' products are on display to be sold to the consumers, these products are grouped together generally next to each other or in close proximity. [Declaration of Larry Fishman in Support of Majestic's Motion for Preliminary Injunction ("Fishman Decl."), ¶ 7].

Recently, DenTek has redesigned the packages for its competing products. The package for DenTek's "Lost Filling, Loose Crown Repair" now prominently displays the claim: "3x

STRONGER vs Dentemp O.S.". (Emphasis in original). [Fishman's Decl., ¶ 9]. Also, Dentek's package for its "Lost Filling Repair, Maximum Hold" now prominently displays the claim: "3x STRONGER vs Refilit". (Emphasis in original). [Fishman's Decl., ¶ 10]. Majestic then engaged the service of Chemir Analytical Services ("Chemir") to do the comparative testing on its and Dentek's above mentioned products. [Fishman's Decl., ¶ 11].

**The Testing And Its Results Showing That DenTek's Claims Are False**

Within the context of how strong the temporary dental cement and lost filling replacement are, three qualities of strength were measured: the adhesive strength, the compressive strength and the solubility/disintegration. [Declaration of Eric Uffman, Ph.D. in Support of Majestic's Motion for Preliminary Injunction ("Uffman Decl."), ¶ 4]. The adhesive strength indicates the strength of the adhesive property of the temporary dental cement used in loose crown repair. [Uffman Decl., ¶ 5]. However, with regard to the temporary dental filling replacement, the adhesive strength is not particularly helpful or useful because the filling replacement are packed into the empty space within the tooth, not bonded to it. [Uffman Decl., ¶ 6]. On the other hand, the compressive strength measures the maximum compressive force the temporary dental cement or the lost filling replacement is capable of sustaining. [Uffman Decl., ¶ 7]. Also, the solubility/disintegration measures the percentage weight loss of the temporary dental cement or the lost filling replacement by disintegration/dissolution within a set period of time. [Uffman Decl., ¶ 8].

In order to evaluate the claims that DenTek's "Lost Filling, Loose Crown Repair" is "3x STRONGER vs Dentemp O.S." and DenTek's "Lost Filling Repair, Maximum Hold" is "3x STRONGER vs Refilit", Chemir designed and carried out tests to acquire and compare the above mentioned measurements. [Uffman Decl., ¶¶ 10-13].

In the end, the results showed that DenTek's claims on its packages are totally false. With respect to the adhesive strength, DenTek's "Lost Filling, Loose Crown Repair" is actually 3x <u>weaker</u> than Majestic's Dentemp® O.S. [Uffman Decl., ¶ 16]. The same is true with respect to compressive strength. Contrary to DenTek's claims, all DenTek's comparable products are also at least 3x <u>weaker</u> in term of compressive strength than Majestic's products. [Uffman Decl., ¶ 17]. Furthermore, in term of solubility/disintegration, DenTek's products are a little better than Majestic's products, but they are nowhere "3x STRONGER." [Uffman Decl., ¶ 18]. In reality, the actual numbers of the solubily/disintegration (in term of % mass loss) of DenTek's "Lost Filling, Loose Crown Repair" vs Dentemp® O.S. are 5.3% vs. 12.4%, respectively, and of DenTek's "Lost Filling Repair, Maximum Hold" vs Refilit® are 8.6% vs. 9.7%, respectively. [Uffman Decl., ¶ 18]. Therefore, even with respect to the solubility/disintegration, DenTek's products are NOT "3x STRONGER vs" Majestic's products.

## ARGUMENT

### I.   The Law On Preliminary Injunction

A preliminary injunction will be issued upon a showing "that [movant] is likely to suffer irreparable injury if relief is denied [and] also there is either (1) a likelihood of success on the merits or (2) sufficient serious questions going to the merits to make them a fair ground for litigation, with a balance of hardship tipping decidedly in the [movant's] favor." *Procter & Gamble Co. v. Cheesebrough-Pond's Inc.*, 747 F.2d 114, 118 (2nd Cir. 1984).

### II.   Majestic Is Entitled To A Preliminary Injunction

   A.   **Majestic Is Likely To Succeed On The Merits Of Its Claims.**

The merits of any false advertising/unfair competition claims under New York law or common law are not evaluated separately from Lanham Act claims. See *Procter & Gamble Co.*

*v. Cheesebrough-Pond's Inc.*, 588 F.Supp. 1082, 1083 n.4 (S.D.N.Y. 1984), *aff'd*, 747 F.2d 114 (2nd Cir. 1984).

Section 43(a) of the Lanham Act prohibits the use in interstate commerce of a word, term, name, symbol or device or combination thereof, or false designation of origin, false or misleading description of fact, or false or misleading representation of fact which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of goods, services or commercial activities. 15 U.S.C. § 1125(a)(1)(B).

"To prevail on a false advertising claim, plaintiff must establish that defendant's advertisements are either (1) literally false or (2) although literally true, likely to deceive or confuse consumers." *Johnson & Johnson – Merck Consumer Pharmaceuticals Co. v. Procter & Gamble Co.*, 285 F.Supp.2d 389, 390-1 (S.D.N.Y. 2003) (citing *Johnson & Johnson – Merck Consumer Pharmaceuticals Co. v. SmithKline Beecham Corp.*, 960 F.2d 294, 297 (2nd Cir. 1992)). Where the claim is literally false, the court may enjoin the use of the claim "without reference to the advertisement's impact on the buying public." *McNeil-P.C.C., Inc. v. Bristol Myers Squibb Co.*, 938 F.2d 1544, 1549 (2nd Cir. 1991).

Here, there is no question that DenTek's claims of "3x STRONGER vs" Majestic's competing products are literally false. The falsity of DenTek's claims has been conclusively proven through the results of the tests conducted by Chemir. In the tests for adhesive strength and compressive strength, DenTek's comparable products are actually 3x WEAKER than Majestic's products. In the solubility/disintegration tests, DenTek's products are NOT and indeed are nowhere near "3x STRONGER vs" Majestic's competing products. Thus, DenTek's advertising to the contrary is, on its face, literally false as a factual matter.

Majestic has shown that DenTek's claims are literally false. Therefore, Majestic is likely to succeed on the merits of the False Advertising claim under the Lanham Act, as well as the False Advertising/Unfair Competition claims under New York law and the common law.

### B. Majestic Will Continue To Suffer Irreparable Harm Absent A Preliminary Injunction.

In the context of a claim for unfair competition and false advertisements such as in this case, a showing that a claim is "literally false" establishes irreparable harm. See *Castrol, Inc. v. Quaker State Inc.*, 977 F.2d 57, 62 (2nd Cir. 1992) ("We will presume irreparable harm where plaintiff demonstrates a likelihood of success in showing literally false defendant's comparative advertisement which mentions plaintiff's product by name.")

Unless DenTek is enjoined further acts constituting violation of the Lanham Act and New York law, Majestic will lose sales to unsuspecting customers. The loss to Majestic's business will be immeasurable.

Also, the loss of goodwill can constitute irreparable harm if a party would be unable to calculate its damages. See *Jacobson & Co., Inc. v. Armstrong Cork Co.*, 548 F.2d 438, 444-45 (2nd Cir. 1977).

DenTek is a direct competitor of Majestic in selling these dental products. DenTek's false advertisements on its packages that DenTek's products are "3x STRONGER vs" Majestic's products are negatively affecting Majestic's reputation and goodwill. The damage to Majestic is immeasurable. [Fishman Decl., ¶ 16]. Therefore, Majestic has established that it would sustain irreparable harm in the absence of an injunction.

Because it would be difficult to ascertain the amount of compensation by damages which could afford Majestic adequate relief for such continuing actions, Majestic's remedy at law is not adequate to compensate it for the irreparable injury inflicted by DenTek.

## C. The Balancing Of The Equities Favors Granting Majestic A Preliminary Injunction.

As demonstrated above, Majestic will be faced with a severe loss of sales, customers, reputation and goodwill if DenTek continues to falsely advertise that its competing products are "3x STRONGER vs" Majestic's products. On the other hand, there will be no hardship to DenTek, except the loss of money invested in an illegal advertising campaign that it probably should not have engaged in to begin with.

Moreover, Majestic does not want to enjoin DenTek from fairly advertising its comparable products. Majestic only seeks to enjoin DenTek from falsely advertising its comparable products and unfairly competing with Majestic. As such, the balancing of the hardships to DenTek caused by ceasing its false advertising, when weighed against irreparable harm to Majestic if DenTek is allowed to continue, clearly tips decidedly in favor of Majestic.

## CONCLUSION

For the foregoing reasons, Majestic's Motion for Preliminary Injunction should be granted. DenTek should immediately be enjoined from making the false claims that its products are "3x STRONGER" than comparable Majestic's products.

Dated:  New York, New York
        June 25, 2007

                              THELEN REID BROWN RAYSMAN & STEINER LLP

                              By  *Michael G. Shannon* (signature)
                                   Michael G. Shannon
                                   Attorneys for Plaintiff
                                   Majestic Drug Co.
                                   THELEN REID BROWN RAYSMAN &
                                   STEINER LLP
                                   875 Third Avenue, 10th Floor
                                   New York, NY 10022-6225
                                   Tel. 212.603.2000; Fax 212.603.2001

LA #545889 v1

## CERTIFICATE OF SERVICE

I certify that on June 25, 2007, I served a true and correct copy of the Plaintiff's Memorandum of Law Support of Majestic Drug Co.'s Motion for Preliminary Injunction, Notice of Motion for Preliminary Injunction and the Declarations of Larry Fishman and Eric Uffman, PH.D. with exhibits attached thereto, to be served by Federal Express upon:

DenTek Oral Care, Inc..
Attn: John Jansheski, CEO
307 Excellence Way
Maryville, TN 37801

Keeli Boyce
DenTek Oral Care, Inc.
307 Excellence Way
Maryville, TN 37801

Dated: New York, New York
       June 25, 2007

_____
Maxine V. Lothian